IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**2012-SIP-1 VENTURE, LLC**                                                  **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 1:14CV2-NBB-DAS**

**MAGNOLIA MOTORPLEX**                                    **DEFENDANTS**
**ASSOCIATES, LLC; WILLIAM W.**
**MCINNES; JOSEPH MATTIOLI, III; and**
**EARL T. INGARFIELD.**

## VERIFIED COMPLAINT

COMES NOW, 2012-SIP-1 Venture, LLC, through undersigned counsel, and respectfully avers as follows:

## PARTIES

1. 2012-SIP-1 Venture, LLC (the "Plaintiff") is a foreign corporation formed under the laws of Delaware and has its principal office at 4675 MacArthur Court, 1550, Newport Beach, California 92660.

2. Magnolia Motorplex Associates, LLC ("MMA") is a limited liability company formed under the laws of Tennessee and is doing business in Mississippi or was doing business in Mississippi at all relevant times and can be served with process either personally or via certified mail, restricted delivery, to William W. McInnes, Registered Agent, 1710 Magnolia Boulevard, Nashville, Tennessee 37212

3. William W. McInnes ("McInnes") is an individual above the age of nineteen years residing, based upon information and belief, at 1605 17th Avenue South, Nashville, Tennessee 37212.

174684.1

4. Joseph Mattioli, III ("Mattioli") is an individual above the age of nineteen years residing in, based on information and belief, at 104 Earl Lane, Hatboro, Pennsylvania 19040.

5. Earl T. Ingarfield ("Ingarfield" and together with McInnes and Mattioli, the "Guarantors") is an individual above the age of nineteen years residing in, based on information and belief, at 1133 4th Street 200, Sarasota, Florida 34236.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this court pursuant to 28 U.S.C.A. § 1332. The parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this court pursuant to 28 U.S.C.A. § 1391. Among other reasons, a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of the property that is the subject of this action is located in this district.

## BACKGROUND

8. On or about January 28, 2008, MMA executed and delivered to Tennessee Commerce Bank (the "Bank") that certain promissory note in the original principal amount of $2,300,000.00 (the "Term Note"). A true and correct copy of the Term Note is attached hereto as **Exhibit "A"**.[1]

9. Pursuant to the terms of the Term Note, MMA was to make monthly payments with the full balance to be paid at maturity on January 31, 2013.

10. Also on or about January 28, 2008, MMA executed and delivered to the Bank that certain revolving credit promissory note in the original principal amount of $300,000.00, as

---

[1] All Exhibits attached to this Complaint are incorporated herein by reference.

amended and modified from time to time (the "Revolving Note" and together with the Term Note, the "Notes".) A true and correct copy of the Revolving Note is attached hereto as **Exhibit "B"**.

11. Pursuant to the terms of the Revolving Note, as amended and modified, MMA was to make monthly payments with the full balance to be paid at maturity on August 15, 2012.

12. The loans evidenced by the Notes are further evidenced and governed by that certain loan agreement dated January 28, 2008 executed by MMA in favor of the Bank (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit "C"**.

13. MMA's obligations under the Notes, the Loan Agreements and related loan documents are secured by, among other things, that certain Deed of Trust, Assignment of Leases and Rents and Security Agreement delivered by MMA to the Bank on or about January 28, 2008 (the "Deed of Trust"). A true and correct copy of the Deed of Trust is attached hereto as **Exhibit "D"**.

14. Pursuant to the Deed of Trust, MMA granted to the Bank a security interest in real property located in Lowndes County, Mississippi on which MMA operated a race track (the "Real Property").

15. The Bank perfected its interest in the Real Property by recording the Deed of Trust with the Lowndes County, Mississippi Chancery Clerk on February 8, 2008 at Book 2008, Page 3283.

16. In addition to the Real Property, MMA granted to the Bank a security interest in certain personal property (the "Personal Property") pursuant to that certain Security Agreement

174684.1 3

dated January 28, 2008 executed by MMA in favor of the Bank (the "Security Agreement"). A true and correct copy of the Security Agreement is attached hereto as **Exhibit "E"**.

17. The Bank perfected its security interest in the Personal Property by filing a UCC-1 financing statement with the Tennessee Secretary of State on February 14, 2008 as File Number 208-007849 (the "Financing Statement"). A true and correct copy of the Financing Statement is attached hereto as **Exhibit "F"**.

18. As further security, MMA collaterally assigned to the Bank its interest in certain contract and management documents pursuant to that certain Collateral Assignment of Contract and Management Documents dated January 28, 2018 (the "Contract Assignment"). A true and correct copy of the Contract Assignment is attached hereto as **Exhibit "G"**.

19. To guarantee all of MMA's obligations to the Bank, McInnes executed and delivered to the Bank a Continuing Loan Guaranty Agreement on or about January 28, 2008 (the "McInnes Guaranty"). A true and correct copy of the McInnes Guaranty is attached hereto as **Exhibit "H"**.

20. To guarantee all of MMA's obligations to the Bank, Mattioli executed and delivered to the Bank a Continuing Loan Guaranty Agreement on or about January 28, 2008 (the "Mattioli Guaranty"). A true and correct copy of the Mattioli Guaranty is attached hereto as **Exhibit "I"**.

21. To guarantee all of MMA's obligations to the Bank, Ingarfield executed and delivered to the Bank a Continuing Loan Guaranty Agreement on or about January 28, 2008 (the "Ingarfield Guaranty" and together with the McInnes Guaranty and the Mattioli Guaranty, the "Guaranties"). A true and correct copy of the Ingarfield Guaranty is attached hereto as **Exhibit "J"**.

22. On January 27, 2012, the Bank was closed by the Tennessee Department of Financial Institutions and the Federal Deposit Insurance Corporation (the "FDIC") was appointed receiver of the Bank.

23. On or about October 18, 2012, the FDIC, as receiver of the Bank, assigned to the Plaintiff the loans evidenced by the Notes as evidenced by the assignment documents attached hereto as **Exhibit "K"**.

24. On or about October 18, 2012, the FDIC, as receiver of the Bank, executed that certain Assignment of Real Estate Deed of Trust in favor of the Plaintiff (the "Deed of Trust Assignment") which is recorded with the Lowndes County, Mississippi Chancery Court at Bk. MORT 2012, Pg 26750. A true and correct copy of the Deed of Trust Assignment is attached hereto as **Exhibit "L"**.

25. On November 21, 2012, the Financing Statement was amended to name the Plaintiff as the secured party as evidenced by the UCC Financing Statement Amendment attached hereto as **Exhibit "M"**.

26. One or more events of default have occurred and continue to occur under the Notes and the supporting loan documents (collectively, the "Loan Documents") including, but not limited to, the failure to make payments when due.

27. On or about March 7, 2013, the Plaintiff made demand upon MMA and the Guarantors for payment in full of the indebtedness owed pursuant to the Loan Documents, but MMA and the Guarantors have failed and/or refused to make payment. A true and correct copy of the March 7, 2013 demand for payment is attached hereto as **Exhibit "N"**.

28. On September 27, 2013, the Plaintiff caused a foreclosure sale under the Deed of Trust to take place at the Lowndes County, Mississippi Courthouse at which sale the Plaintiff

became owner of the Real Property based on its credit bid of $1,100,000.00 which was the highest and best bid at the said foreclosure sale. A true and correct copy of the foreclosure deed by which the Plaintiff took title to the Real Property is attached hereto as **Exhibit "O"**. Subsequent to the September 27, 2013 foreclosure sale, the Plaintiff transferred title to the Real Property to Orange Speedway Holdings, LLC pursuant to the deed attached hereto as **Exhibit "P."**

29. The Plaintiff has exercised its rights in the Personal Property and now has possession and control of the Personal Property.

30. As of November 21, 2013, the outstanding balance owed under the Loan Documents is $1,368,874.99 plus accrued interest, fees and expenses including attorneys' fees. Interest, fees and expenses, including attorneys' fees continue to accrue.

31. The Loan Documents entitle the Plaintiff to recover its attorneys' fees incurred in the enforcement of the Loan Documents.

## CAUSES OF ACTION

### I. Breach of Contract (the Term Note)

32. The Plaintiff restates and re-alleges the averments set forth in paragraphs 1 through 31 of this Complaint as if fully set forth herein in their entirety.

33. MMA has breached the Term Note by failing to pay to the Plaintiff the amounts due thereunder.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against MMA on the Term Note, in the amount of, as of November 21, 2013, $1,026,770.01 plus accrued and accruing interest, late charges and costs of collection, including, without limitation, attorneys' fees and costs of court.

## II. Account Stated (the Term Note)

34. The Plaintiff restates and re-alleges the averments of paragraphs 1 through 33 of this Complaint as if fully set forth herein in their entirety.

35. As of November 21, 2013, MMA is liable to the Plaintiff on an account stated on the Term Note in the amount of $1,026,770.01, plus accruing interest and costs of collection, including, but not limited to, attorneys' fees and costs of court.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against MMA on the Term Note in the amount of $1,026,770.01, plus accrued and accruing interest, late charges and costs of collection, including, without limitation, attorneys' fees and costs of court.

## III. Money Lent (the Term Note)

36. The Plaintiff restates and re-alleges the averments set forth in paragraphs 1 through 35 of this Complaint as if fully set forth herein in their entirety.

37. As of November 21, 2013, MMA owed the Plaintiff the sum of $1,026,770.01 plus interest, fees and charges as described in the Term Note and the related loan documents, court costs, costs of collection, including reasonable attorneys' fees, and such other amounts to which the Plaintiff is entitled for money lent pursuant to the terms of the Term Note and the related loan documents.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against MMA in the amount of $1,026,770.01 plus accrued and accruing interest, late charges and costs of collection, including, without limitation, attorneys' fees and costs of court.

## IV. Breach of the Revolving Note

38. The Plaintiff restates and re-alleges the averments set forth in paragraphs 1 through 37 of this Complaint as if fully set forth herein in their entirety.

39. MMA has breached the Revolving Note by failing to pay to the Plaintiff the amounts due thereunder.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against MMA on the Revolving Note in the amount of, as of November 21, 2013, $342,104.98 plus accrued and accruing interest, late charges and costs of collection, including, without limitation, attorneys' fees and costs of court.

## V. Account Stated (the Revolving Note)

40. The Plaintiff restates and re-alleges the averments of paragraphs 1 through 39 of this Complaint as if fully set forth herein in their entirety.

41. As of November 21, 2013, MMA is liable to the Plaintiff on an account stated on the Revolving Note in the amount of $342,104.98, plus accruing interest and costs of collection, including, but not limited to, attorneys' fees and costs of court.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against MMA on the Revolving Note in the amount of $342,104.98, plus accrued and accruing interest, late charges and costs of collection, including, without limitation, attorneys' fees and costs of court.

## VI. Money Lent (The Revolving Note)

42. The Plaintiff restates and re-alleges the averments set forth in paragraphs 1 through 41 of this Complaint as if fully set forth herein in their entirety.

43. As of November 21 2013, MMA owed the Plaintiff the sum of $342,104.98 plus interest, late charges as described in the Revolving Note and the related loan documents, court costs, costs of collection, including reasonable attorneys' fees, and such other amounts to which

the Plaintiff is entitled for money lent pursuant to the terms of the Revolving Note and the related loan documents.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against MMA in the amount of $342,104.98 plus accrued and accruing interest, late charges and costs of collection, including, without limitation, attorneys' fees and costs of court.

### VII. Breach of the Guaranties

44. The Plaintiff restates and re-alleges the averments set forth in paragraphs 1 through 43 of this Complaint as if fully set forth herein in their entirety.

45. Each of the Guarantors has breached their respective obligations under the Guaranties by failing to pay to the Plaintiff the amounts due thereunder.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Guarantors on the Guaranties, jointly and severally, in the amount of, as of November 21, 2013, $1,368,874.99 plus accrued and accruing interest, late charges and costs of collection, including, without limitation, attorneys' fees and costs of court.

### VIII. Account Stated (the Guaranties)

46. The Plaintiff restates and re-alleges the averments of paragraphs 1 through 45 of this Complaint as if fully set forth herein in their entirety.

47. As of November 21, 2013, each of the Guarantors are liable to the Plaintiffs on the Guaranties, jointly and severally, on an account stated in the amount of $1,368,874.99, plus accruing interest and costs of collection, including, but not limited to, attorneys' fees and costs of court.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against each of the Guarantors on the Guaranties, jointly and severally, in the amount of $1,368,874.99,

174684.1                                  9

plus accrued and accruing interest, late charges and costs of collection, including, without limitation, attorneys' fees and costs of court.

### IX. Declaratory Judgment

48. The Plaintiff restates and re-alleges the averments of paragraphs 1 through 47 of the Complaint as if fully set forth herein in their entirety.

49. Pursuant to the Loan Documents, including but not limited to the Security Agreement, the Plaintiffs holds a security interest in the Personal Property.

50. The Plaintiff's security interest in the Personal Property is properly perfected and in first place priority.

51. As a result of the existing events of default under the Loan Documents, the Plaintiff is entitled to immediate possession of the Personal Property.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands entry of a judgment declaring that the Plaintiff holds a properly perfected first priority security interest in the Personal Property and that the Plaintiff is entitled to immediate possession of the Personal Property.

Respectfully submitted, this 6th day of January, 2014.

2012-SIP-1 VENTURE, LLC

BY: Balch & Bingham LLP

BY: /s/ Donald Alan Windham Jr.

174684.1

10

Donald Alan Windham, Jr. (100909)
Balch & Bingham LLP
188 East Capitol Street, Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466

Jeremy L. Retherford (101322)
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

## **VERIFICATION**

My name is Jacqueline Mahoney, and I am an Asset Manager for 2012-SIP-1 Venture, LLC. I do hereby swear and affirm that I am more than 21 years of age; that I have personal knowledge of the matters of fact stated in the within and foregoing Complaint; and that such matters of fact as pled in the within and foregoing Complaint are true and correct to the best of my knowledge.

By: _____

Its: Asset Manager

Sworn to and subscribed before me, this 20th day of December, 2013.

_____
Notary Public

[NOTARY SEAL]
My commission expires: 4/29/17

A. O'DONNELL
Commission # 2022627
Notary Public - California
Orange County
My Comm. Expires Apr 29, 2017

174502.1