# EXHIBIT "G"

# COLLATERAL ASSIGNMENT OF CONTRACT AND MANAGEMENT DOCUMENTS

THIS ASSIGNMENT OF CONTRACT AND MANAGEMENT DOCUMENTS (this "**Assignment**"), dated as of January 28 2008, by **MAGNOLIA MOTORPLEX ASSOCIATES, LLC**, a Tennessee limited liability company whose mailing address is 116 30th Avenue S., Nashville, Tennessee 37212 ("**Borrower**") to **TENNESSEE COMMERCE BANK**, a Tennessee banking corporation, whose mailing address is 381 Mallory Station Road, Suite 207, Franklin, Tennessee 37067 ("**Lender**").

WHEREAS, pursuant to that certain Loan Agreement dated as of even date herewith (as amended, modified, extended, renewed, restated or replaced from time to time, the "**Loan Agreement**"), among the Borrower, as borrower, and Lender, as lender, the Lender has agreed to make the Loan (as defined in the Loan Agreement) upon the terms and subject to the conditions set forth therein.; and

WHEREAS, as evidence of the indebtedness incurred under the Loan, Borrower has executed and delivered to Lender a Term Loan Promissory Note of even date herewith, in the original principal amount of $2,300,000.00 and the Revolving Credit Promissory Note of even date herewith, in the original principal amount of $300,000.00 (collectively the "**Note**") and the other loan documents (collectively, the "**Loan Documents**"). Payment of the Note is secured by a Deed of Trust, Assignment of Leases and Rents and Security Agreement, of even date herewith (the "**Mortgage**") from Borrower covering the real estate described in the Mortgage ("**Mortgaged Property**"), as well as by other security; and

WHEREAS, it is a condition precedent to the effectiveness of the Loan Agreement and the obligations of the Lender to fund the Loan under the Loan Agreement that the Borrower shall have executed and delivered this Assignment to the Lender; and

WHEREAS, Borrower has agreed to grant to Lender a collateral assignment in the contract and management documents described below as security for Borrower's obligations under the Loan Agreement; and

**NOW, THEREFORE,** in consideration of the recitals set forth above and incorporated herein, and for other good and valuable consideration, Borrower agrees as follows:

1. To the extent permitted by applicable law, Borrower hereby grants, transfers and assigns to Lender all the right, title and interest of Borrower, in and to the following documents now or hereafter executed by Borrower:

(a) any management agreements relating to the management of the Mortgaged Property between Borrower and any third party manager of the Mortgaged Property ("**Manager**") or any successor manager of the Mortgaged Property, together with any and all extensions, modifications, amendments and renewals thereof (collectively, the "**Management Contract**");

(b) all other contracts and subcontracts, together with any and all extensions, modifications, amendments and renewals thereof, which are entered into by Borrower or the Manager, if applicable, in connection with the performance of the work required for the management of the Mortgaged Property;

(c) all guarantees, warranties, indemnifications and other undertakings covering the performance of any Manager, if applicable, under the Management Contract or any other parties under contracts and subcontracts;

(d) all building permits, governmental permits, licenses and authorizations now or hereafter issued in connection with the development or operation of the Mortgaged Property;

(e) any and all contracts or rights granted to Borrower pursuant to any all agreement relating to the use of any part of the Mortgaged Property including, but not limited to, club suite agreements, and any and all concession agreements, advertising agreements, naming rights agreements and all other contracts and agreements related to the Mortgaged Property, including, without limitation, sponsorship agreements, endorsement contracts;

The items referred to in paragraphs (a) through (e) above are sometimes hereinafter collectively referred to as the "**Contract Documents.**"

This Assignment is given for the purpose of securing the payment of all sums, now or at any time due Lender under any of the Loan Documents, and any extensions, modifications, amendments and renewals thereof, and the performance and discharge of the obligations, covenants, conditions and agreements of Borrower contained in any of the Loan Documents.

2. Borrower agrees:

(a) To perform and discharge each and every obligation, covenant, condition and agreement in accordance with the terms of the Contract Documents to be performed by Borrower and to enforce performance by the other parties thereto of each and every obligation, covenant, condition and agreement to be performed by each such other party in accordance with the terms of the Contract Documents.

(b) Borrower will provide Lender with written notice of the name, address and telephone number of any Manager of the Mortgaged Property and will require any Manager to consent to and execute a copy of this agreement.

(c) During continuance of an Event of Default (as defined in the Loan Agreement or the Loan Documents), Lender shall have the right (but not the obligation), without notice to or demand on Borrower, to perform and discharge each and every obligation, covenant, condition and agreement of Borrower under the Contract Documents, and, in exercising any such powers, to pay necessary costs and expenses, employ counsel and incur and pay reasonable attorneys' fees and expenses. Lender shall not be obligated to perform or discharge, nor does it hereby undertake to perform or discharge, any obligation, duty or liability under any of the Contract Documents, or by reason of this Assignment.

(d) During the continuance of an Event of Default, Lender may, at its option, without notice, and without regard to the adequacy of security for the indebtedness hereby secured, either in person or by agent, with or without bringing any action or proceeding, or by a receiver to be appointed by a court at any time hereafter, enforce for its own benefit the Contract Documents, or any of them. The exercise of any rights under this Assignment shall not be deemed to cure or waive any default under any of the Loan Documents, or waive, modify or affect any notice of default under any of the Loan Documents, or invalidate any act done by Lender pursuant to or following such notice.

(e) Any Manager, upon written notice from Lender of the continuance of an Event of Default, shall be and is hereby authorized by Borrower to perform the Management Agreement, respectively, for the benefit of Lender in accordance with the terms and conditions thereof, without any obligation to determine whether or not such an Event of Default has in fact occurred.

(f) In the exercise of the powers herein granted to Lender, no liability shall be asserted or enforced against Lender, all such liability being hereby expressly waived and released by Borrower and MANAGER, IF APPLICABLE. BORROWER AND MANAGER, IF APPLICABLE, HEREBY AGREE TO INDEMNIFY, DEFEND AND HOLD LENDER FREE AND HARMLESS FROM AND AGAINST ANY AND ALL LIABILITY, EXPENSE, COST, LOSS OR DAMAGE WHICH LENDER MAY INCUR BY REASON OF ANY ACT OR OMISSION OF BORROWER UNDER ANY OF THE CONTRACT DOCUMENTS. SHOULD LENDER INCUR ANY LIABILITY, EXPENSE, COST, LOSS OR DAMAGE (I) UNDER THE CONTRACT DOCUMENTS FOR WHICH IT IS TO BE INDEMNIFIED BY BORROWER AS

AFORESAID, OR (II) BY REASON OF THE EXERCISE OF LENDER'S RIGHTS HEREUNDER (INCLUDING, BUT NOT LIMITED TO, THE EXERCISE OF THE RIGHTS GRANTED TO LENDER UNDER PARAGRAPH 2(C) ABOVE), THE AMOUNT THEREOF, INCLUDING COSTS, EXPENSES AND REASONABLE ATTORNEYS' FEES AND EXPENSES, SHALL BE SECURED HEREBY AND BY THE MORTGAGE AND ALL OTHER LOAN DOCUMENTS (WHETHER OR NOT SUCH AMOUNT, WHEN AGGREGATED WITH OTHER SUMS SECURED BY THE MORTGAGE, EXCEEDS THE FACE AMOUNT OF THE NOTE) AND SHALL (A) BE DUE AND PAYABLE IMMEDIATELY UPON DEMAND BY LENDER, AND (B) BEAR INTEREST FROM THE DATE INCURRED BY LENDER AT THE DEFAULT RATE SET FORTH IN THE NOTE. NOTWITHSTANDING THE FOREGOING, BORROWER SHALL BE UNDER NO OBLIGATION TO INDEMNIFY LENDER WITH RESPECT TO ANY ACT OR OMISSION BY LENDER WHICH IS GROSSLY NEGLIGENT OR CONSTITUTES WILLFUL MISCONDUCT.

(g) This Assignment shall be assignable by Lender to any assignee of Lender under the Loan Agreement and all representations, warranties, covenants, powers and rights herein contained shall be binding upon, and shall inure to the benefit of, Borrower and Lender and their respective legal representatives, successors and assigns.

3. Borrower and Manager, if applicable, hereby covenant and represent to Lender that: (a) neither Borrower nor Manager, if applicable, has previously assigned, sold, pledged, transferred, mortgaged, hypothecated or otherwise encumbered the Contract Documents or any of them (other than to Lender), or its right, title and interest therein; (b) Borrower and Manager, if applicable, shall not assign, sell, pledge, transfer, mortgage, hypothecate or otherwise encumber their respective interests in the Contract Documents or any of them (other than to Lender); (c) Borrower and Manager, if applicable, have not performed any act which might prevent Borrower or Manager, if applicable, from performing its undertakings hereunder or which might prevent Lender from operating under or enforcing any of the terms and conditions hereof or which would limit Lender in such operations or enforcement; (d) neither Borrower nor Manager, if applicable, is in default under any of the Contract Documents, and to the best knowledge of Borrower and Manager, if applicable, no other party to the respective Contract Documents is in default thereunder; (e) except as provided in the Loan Agreement, no amendments to any of the Contract Documents will be made without the prior written consent of Lender; and (f) upon execution of any of the Contract Documents, Borrower and / or Manager, if applicable, will deliver a copy of such Contract Documents (or the original at Lender's request) to Lender and will require such of the parties thereto as Lender may designate to execute and deliver to Lender a consent to this Assignment, in a form satisfactor to Lender.

4. All notices, demands or documents which are required or permitted to be given or served hereunder shall be in writing and shall be deemed sufficiently given when delivered or mailed in the manner set forth in the Loan Agreement.

5. Any provision in the Loan Agreement that pertains to this Assignment shall be deemed to be incorporated herein as if such provision were fully set forth in this Assignment. In the event of any conflict between the terms of this Assignment and the terms of the Loan Agreement, the terms of the Loan Agreement shall prevail. A provision in this Assignment shall not be deemed to be inconsistent with the Loan Agreement by reason of fact that no provision in the Loan Agreement covers such provision in this Assignment.

6. This Assignment is made for collateral purposes only, and the duties and obligations of Borrower under this Assignment shall terminate when all sums due Lender under the Loan Documents are paid in full and all obligations, covenants, conditions and agreements of Borrower contained in the Loan Documents are performed and discharged.

7. This Assignment shall be governed by the laws of the State of Mississippi. The state courts and federal courts located in Mississippi shall have exclusive jurisdiction and venue as to all actions brought under this Agreement. To the greatest extent permitted by law, Borrower and Manager, if applicable, each hereby waive any and all rights to require marshalling of assets by Lender.

8.  It is expressly intended, understood and agreed that this Assignment and the other Loan Documents are made and entered into for the sole protection and benefit of Borrower and Lender, and their respective successors and assigns (but in the case of assigns of Borrower, only to the extent permitted hereunder); that no other person or persons shall have any right at any time to action hereon or rights to the proceeds of the loan evidenced and secured by the Loan Documents; that such loan proceeds do not constitute a trust fund for the benefit of any third party; that no third party shall under any circumstances be entitled to any equitable lien on any such undisbursed loan proceeds at any time; and that Lender shall have a lien upon and right to direct application of any such undisbursed loan proceeds as provided in the Loan Documents.

9.  The relationship between Lender and Borrower is solely that of a lender and borrower, and nothing contained herein or in any of the Loan Documents shall in any manner be construed as making the parties hereto partners, joint venturers or any other relationship other than lender and borrower.

10.  Borrower, any Manager, if applicable, and Lender intend and believe that each provision in this Assignment comports with all applicable local, state or federal laws and judicial decisions. However, if any provision or provisions, or if any portion of any provision or provisions, in this Assignment is found by a court of law to be in violation of any applicable local, state or federal ordinance, statute, law, administrative or judicial decision or public policy, and if such court should declare such portion, provision or provisions of this Assignment to be illegal, invalid, unlawful, void or unenforceable as written, then it is the intent of Borrower, any Manager and Lender that such portion, provision or provisions shall be given force to the fullest possible extent that they are legal, valid and enforceable, that the remainder of this Assignment shall be construed as if such illegal, invalid, unlawful, void or unenforceable portion, provision or provisions were not contained therein and that the rights, obligations and interests of Borrower, any Manager and Lender under the remainder of this Assignment shall continue in full force and effect.

**[SIGNATURE PAGE FOLLOWS]**

**[SIGNATURE PAGE 1 OF 2 - ASSIGNMENT CONTRACT AND MANAGEMENT DOCUMENTS]**

IN WITNESS WHEREOF, the Borrower has caused this Assignment to be executed and delivered by its duly authorized officer on the date below its signature, but effective on the day and year first above written.

MAGNOLIA MOTORPLEX ASSOCIATES, LLC,
a Tennessee limited liability company

By: *William W. McInnes*

Name: William W. McInnes

Its: President

Date: 1-28-08

## AUTHORIZATION TO FILE UCC-1 FINANCING STATEMENT

In connection with that certain term loan in an an amount of Two Million Three Hundred Thousand and No/100 ($2,300,000.00) Dollars and that certain revolving credit loan in an amount of Three Hundred Thousand and No/100 ($300,000) (collectively the "**Loan**") pursuant to a Loan Agreement dated as of the date hereof (as amended, modified, extended, renewed, restated or replaced from time to time, the "**Loan Agreement**") made by TENNESSEE COMMERCE BANK, a Tennessee banking corporation ("**Lender**") to MAGNOLIA MOTORPLEX ASSOCIATES, LLC, a Tennessee limited liability company ("**Borrower**"), Borrower authorizes Lender, and its attorneys and agents, to file, in the appropriate office or offices, one or more UCC-1 financing statements substantially in the form attached hereto.

This Authorization to File UCC-1 Financing Statement is dated Janaury 28, 2008.

BORROWER:

MAGNOLIA MOTORPLEX ASSOCIATES, LLC,
a Tennessee limited liability company

By: *William W. McInnes*
Name: William W. McInnes
Its: President
Date: 1-28-08

JM DAR 550676 v1
2824426-000001 1/13/2008

EXHIBIT TO AUTHORIZATION TO FILE UCC
(form of UCC-1)