IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

2012-SIP-1 VENTURE, LLC                                                                    PLAINTIFF

V.                                                                   CIVIL ACTION NO. 1:14CV002-B-S

MAGNOLIA MOTORPLEX ASSOCIATES, LLC;
WILLIAM W. MCINNES; AND
JOSEPH MATTIOLI, III                                                                     DEFENDANTS

## MEMORANDUM OPINION

Presently before the court is defendant Joseph Mattioli's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Upon due consideration, the court finds that the motion is not well taken and should be denied.

The plaintiff, 2012 SIP-1 Venture, LLC ("SIP"), filed this action to recover an approximately $1.36 million dollar difference between what its predecessor loaned the defendants in 2008 and what SIP was able to recover following default. The debt was secured by several personal guarantees including one from defendant Mattioli. Mattioli has now moved to dismiss relying on a clause of the loan agreement at issue which he asserts is a mandatory forum selection clause that divests this court of jurisdiction. The relevant clause states as follows:

> Section 6.08 <u>Governing Law and Entire Agreement</u>. Borrower, Guarantors and Lender, by their execution of this Agreement, acknowledge and agree that the Mortgaged Property is located in the State of Mississippi and the Loan will be performed, in whole or in part, in the State of Mississippi and agree that this Agreement and the transactions contemplated hereby be governed by and construed under the laws of the State of Mississippi. *Borrower, Guarantors and Lender consent to the jurisdiction of the State of Mississippi for all purposes.* The Loan Documents contain the entire agreement of the parties on the matters covered herein and therein.

*See* Loan Agreement, Exhibit C to Complaint, at 13, § 6.08 (emphasis added).

The defendant asserts that the emphasized language in the excerpt above creates a mandatory forum selection clause and restricts any litigation related to the loan agreement to Mississippi state court. The court is unpersuaded.

Forum selection clauses may be either mandatory or permissive. Wright and Miller distinguish the two as follows:

> Mandatory forum selection clauses contain clear language that litigation will proceed exclusively in the designated forum. . . . Permissive forum selection clauses, often described as "consent to jurisdiction" clauses, authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere.

14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3803.1 (4th ed. 2015). "A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another." *City of New Orleans v. Municipal Admin. Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). To limit litigation to one forum, "a forum selection clause . . . must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *Id.*

In *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955 (5th Cir. 1974), the Fifth Circuit examined the following contract provision, which in essence is quite similar to the clause at issue here: "This agreement shall be construed and enforceable according to the law of the State of New York, and the parties submit to the jurisdiction of the courts of New York." *Id.* at 956. The Fifth Circuit found the clause to be permissive and reversed the ruling of the district court, which had dismissed the action based upon its erroneous finding that the clause was mandatory. *Id.* at 957. The clause in *Keaty* used the term "submit" instead of "consent," but the effect is the same.

2

In *General Elec. Capital Corp. v. Bally Gaming, Inc.*, No. 4:96CV355-B-D, 1997 WL 457486 (N.D. Miss. Jun. 30, 1997), this court, citing *Keaty*, construed two forum selection clauses as permissive, rather than mandatory, because the clauses lacked the exclusivity language required for mandatory clauses.  One loan agreement at issue stated that defendant Bally Gaming agreed "to submit" to the jurisdiction of certain courts while the other loan agreement stated that the defendant "consents to be sued" in certain jurisdictions.  *Id.* at *1.  Recognizing that "[f]orum selection clauses have been construed as permissive, rather than mandatory, where they show consent to the jurisdiction of a particular forum but do not state that the forum has exclusive jurisdiction," the court denied the defendant's motion to dismiss and retained jurisdiction of the case.  *Id.* at *3.

The defendant argues that the phrase "for all purposes" is express language of limitation that renders the clause mandatory and renders Mississippi state court exclusive in this case.  The court disagrees.  An agreement that parties consent to be sued for any matter in Mississippi state court does not also create a requirement that they *must* litigate all disputes in that forum.

The court finds the forum selection clause at issue here to be a classic permissive clause.  The clause sets forth "consent to jurisdiction" – language repeatedly found to create a permissive clause – and it lacks unequivocal language of exclusivity as is required for mandatory clauses.  Further, though axiomatic, it bears noting that this court, exercising diversity jurisdiction in this case, is *Erie*-bound to apply the substantive law of the State of Mississippi; thus, the loan agreement will "be governed by and construed under the laws of the State of Mississippi," as set

forth in the clause at issue. For these reasons, the court finds that defendant Mattioli's motion to dismiss should be denied. A separate order in accord with this opinion shall issue this day.

This, the 7th day of July, 2015.

                                                 /s/ Neal Biggers
                                            **NEAL B. BIGGERS, JR.**
                                            **UNITED STATES DISTRICT JUDGE**